Hand-Delivered

In care of:
Enjolique Cheri LeMaitre
c/o 1820 Harris Houston Road, Suite 621142
Charlotte, North Carolina Republic
near [28262]

**FOR TRIAL BY JURY**
CHARLOTTE, NC

AUG 2 0 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

## IN THE DISTRICT COURT OF THE UNITED STATES
## MECKLENBURG COUNTY DISTRICT COURT 26

ENJOLIQUE CHERI LEMAITRE ]
Plaintiff ]
vs.]
Bank of America, N.A. ]
LLG Trustee / Attorney Jason Purser ]
Carrington Mortgage Attorney Brett Lawrence ]
Defendants ]

3:24-CV-757-FDW

### ORIGINAL BILL IN EQUITY 'COMPLAINT' UNDER 42 U.S. CODE §. 1983
### ACTION FOR DEPRIVATION OF CIVIL RIGHTS
### (Non-Prisoner)
[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

I. **PARTIES TO THIS COMPLAINT**
   - The Plaintiff
       i. ENJOLIQUE CHERI LEMAITRE, pro se
          c/o 1820 Harris Houston Road, Suite 621142
          Charlotte, North Carolina Republic near [28262]
          Mecklenburg County

   - The Defendants
       i. Bank of America, N.A.
          Ross E. Jeffries, Jr., Deputy General Counsel
          100 N. Tryon Street
          Charlotte, NC 28255

       ii. LLG Trustee / Attorney Jason Kenneth Purser
           LOGS Legal Group LLP
           10130 Perimeter Parkway
           Suite 400
           Charlotte, NC 28216

       iii. Carrington Mortgage Attorney Brett Lawrence
            Bradley Arant Boult Cummings LLP
            Truist Center 214 N Tryon Street, Suite 3700
            Charlotte, NC 28202

II. **PREMISES**

**COMES NOW,** ENJOLIQUE CHERI LEMAITRE, hereinafter called 'Plaintiff', with an original Bill in Equity 'Complaint' under 42 USC § 1983 for deprivation of the Plaintiffs' rights.

There have been, and continue to be, violations against the civil and constitutional rights of this/these undersigned Defendant(s) in this cause, and which have not been duly protected. This action is taken with an abundance of caution and under duress given the threat of wrongful foreclosure of real property known as '3511 Edgepine Drive' in Mecklenburg County. Enjolique Cheri LeMaitre has possession interest of real property, and equitable interest in the collateral. This action is brought under 42 U.S. Code § 1983 for Depravation of Civil Rights, other Federal Rules, Universal Commercial Codes, and the doctrines of Equity.

The Plaintiff has reason to believe and does so believe that Defendant, Bank of America provided false and/or material misrepresentations in the contract for the real property, which was absent of required disclosures, also the Plaintiff was unduly influenced during the contract signing for purchase of the above-mentioned real property. The Plaintiff also notified Defendant Bank of America that there appears to be an error if not a material misrepresentation in the account statements that have been presented and formally requesting support to help clarify the matter, however no substantiation has been provided as they are required by Regulation Z.

The Defendant Bank of America proceeded with engaging Defendant LLG Trustee to initiate foreclosure proceedings. The Plaintiff submitted disputes of this claim and interrogatories of standing and security interest that would warrant the Defendant initiating legal actions. To date no evidence has been provided by the Defendants that substantiates their legal standing or security interest in the real property despite multiple requests by the Defendant. An ORDER PERMITTING FORECLOSURE was issued by the State Court despite this lack of evidence and despite MOTION TO COMPEL DISCOVERY submitted by the Plaintiff. The Order makes incorrect statements regarding the basis of foreclosure, namely; "the record, the evidence presented, and arguments of the parties", "Holder of the Debt. Bank of America, N.A. is the holder of the Note", and "Validity of Debt. The accelerated balance due on the Note constitutes a valid debt."

The Defendant sought to be heard on a MOTION FOR RELIEF under NC Civil Court Procedure Rule 60 to discuss correcting the error in the foreclosure order and the Plaintiff's right to Discover under Rule 37. The Defendant has not been allowed to be scheduled for a hearing for Stay of Proceedings until this Motion can be heard and was additionally advised that this Motion additionally will likely not be heard due to hearsay of a GATEKEEPER ORDER which is not on record with the State Court has been served on the Plaintiff. LLG Trustee acted outside of their authority in a foreclosure action which caused injury to the Plaintiff. The actions of the Defendants Bank of America, N.A., and LLG Trustee have violated the Plaintiff's Civil Rights and real damages have been sustained. This Bill in Equity 'Complaint' is brought on the basis of 42 U.S. Code § 1983; a civil action for deprivation of rights from the Defendants from which the Plaintiff has suffered real harm.

The Plaintiff maintains the assertion that Defendant Bank of America, N.A. does not have a legal or lawful standing to assert a financial claim or security interest in the real property. The Plaintiff asserts the following counts due to the violations and harm sustained as detailed below:

- **Count #1 (LLG Trustee, Carrington Mortgage Attorney Brett Lawrence) 'VIOLATION OF 42 U.S.C. § 1983'** LLG Trustee proceeded in foreclosure legal actions without proper standing, and which violated the Plaintiff's Civil Rights to Discovery under Rule 37. The defendant's negligence and breach of his fiduciary duties was the direct cause of the

plaintiff's injuries. The Plaintiff seeks equitable remedy for punitive damages in the amount of $1,000,000.

- **Count #2 (LLG Trustee, Carrington Mortgage Attorney Brett Lawrence) 'VIOLATION OF DUE PROCESS'** LLG Trustee failed to fulfill his fiduciary duties and acted outside of his duty to follow the law and the constitution. The Defendant LLG Trustee produced an order which was subsequently signed by the Superior Court judge which contained critical mistakes and despite being notified of this proceed to further obstruct the Defendant's ability to rectify the error under NC Civil Court Procedure Rule 60. The Plaintiff seeks equitable remedy for real damages sustained in the amount of $500,000.

- **Count #3 (Bank of America) 'BREACH OF CONTRACT'** Bank of America breached the contract signed by ENJOLIQUE CHERI LEMAITRE where by not providing consideration for the value received with the collateral. The Plaintiff was coerced into signing the contract in a way she did not intend to, giving away security interest. The Plaintiff has since rescinded security interest for the real property on this basis and the inability of the Defendant to evidence security interest, yet the Defendant Bank of America has not regarded this action. The Plaintiff seeks equitable remedy for punitive damages in the amount of $500,000.

- **Count #4 (Bank of America) 'NON-DISCLOSURE'** Bank of America's contract failed to include required disclosures such as that for recission, and provided a deceptive understanding of the finance charge. The Plaintiff seeks equitable remedy for punitive damages in the amount of $100,000.

- **Count #5 (Bank of America) 'MISREPRESENTATION'** Bank of America's contract did not represent that the Plaintiff has an interest in the account and property before the Complainant signed the document. The Plaintiff asserts that these misrepresentations were intentional and malicious with an intent of taking advantage of the Plaintiff financially. The Plaintiff seeks equitable remedy for punitive damages in the amount of $100,000.

- **Count #6 (Bank of America) 'REG Z BILLING ERROR DISPUTE'** Bank of America failed to comply with requirements in 12 CFR 1026.13 with regard to billing error disputes. The Plaintiff seeks claim to equitable remedy with Bank of America's forfeiture to collect the current alleged balance ~$329,000, and refund of the amount previously paid ~$100,000.

- **Count #7 (Bank of America) 'UNFAIR & DECEPTIVE PRACTICES'** Bank of America's contract and/or monthly statements provided false and/or material misrepresentations regarding "loan", "balance", and "finance charge". The Plaintiff asserts that these misrepresentations were intentional and malicious for the intent of gaining unjust enrichment. The Plaintiff seeks claim to equitable remedy for punitive damages in the amount of $200,000.

The Complainant prays for equitable remedy in this matter for the above counts as noted in section 'PRAYER FOR REMEDY'.

> *Your throne God is forever and ever. A scepter of equity is the scepter of your kingdom. – Psalms 45:6*

### III. BASIS FOR JURISDICTION

The District Court has jurisdiction over this case based on the following reasons:

1. This civil action is being under 42 U.S. Code § 1983, a Constitutional issue or deprivation of rights to discovery, and wrongful foreclosure under color of law.
    i. LLG Trustee / Attorney Jason Purser filed the foreclosure complaint (file #22SP002027-590) against the plaintiff's property without testimony or affidavit from an injured party to provide jurisdiction to the court.
    ii. The 6th Amendment secures that no person will be deprived of life, liberty, or property without due process of law.
        a. The injured party must appear and state he/she is owed a debt, the debtor must be given the right to challenge this debt, only an injured party can make claim.
        b. There is no injured party in the state foreclosure case and it and therefore the court did not have jurisdiction. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.
        c. LLG Trustee / Attorney Jason Purser and Carrington Mortgage Attorney Brett Lawrence failed to respond to the Plaintiff's multiple evidence requests and intentionally impeded their right to discovery of evidence to substantiate their Standing to pursue legal actions for the real property.
2. The state is in control of the plaintiff's property deed when there is no law that forced the plaintiff to register her property.
3. The state is paying the judge and providing a pension, 401-k, so other state court judges will have a conflict to hear this case in state court.
4. The State is the real party responsible for the foreclosure on the plaintiff's property using state-licensed sub-agencies.
5. The amount of damage is over what the state court has jurisdiction to rule on.
6. The defendants violated Federal Laws.
7. The defendants violated the plaintiff's right to due process in state court whereby is liable under 42 U.S.C § 1983 a federal civil rights statute.
8. This court has personal jurisdiction over the defendant's corporations because the corporation's are registered for business is in this state.
9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the allegations in this complaint occurred in this district.

IV. **STATEMENTS OF CLAIM**
- The Plaintiff has reason to believe and does so believe that Defendant, Bank of America provided false and/or material misrepresentations in the contract for the real property.
- The contract provided by Defendant Bank of America which was absent of required disclosures.
- The Plaintiff was unduly influenced during the contract signing for the purchase of the above-mentioned real property.
- The Plaintiff also notified Defendant Bank of America that there appears to be an error if not a material misrepresentation in the account statements that have been presented and formally requesting support to help clarify the matter, however no substantiation has been provided as they are required by Regulation Z.
- The Defendant Bank of America proceeded with engaging Defendant LLG Trustee to initiate foreclosure proceedings.
- This civil action is being under 42 U.S. Code § 1983, a Constitutional issue or deprivation of rights to discovery, and wrongful foreclosure under color of law.

i. LLG Trustee / Attorney Jason Purser filed the foreclosure complaint (file #22SP002027-590) against the plaintiff's property without testimony or affidavit from an injured party to provide jurisdiction to the court.
    ii. The 6th Amendment secures that no person will be deprived of life, liberty, or property without due process of law.
        d. The injured party must appear and state he/she is owed a debt, the debtor must be given the right to challenge this debt, only an injured party can make claim.
        e. There is no injured party in the state foreclosure case and it and therefore the court did not have jurisdiction. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.
        f. LLG Trustee / Attorney Jason Purser failed to respond to the Plaintiff's multiple evidence requests and intentionally impeded their right to discovery of evidence to substantiate their Standing to pursue legal actions for the real property.
- The Plaintiff submitted disputes of this claim and interrogatories of standing and security interest that would warrant the Defendant initiating legal actions.
- To date no evidence has been provided by the Defendants that substantiates their legal standing or security interest in the real property despite multiple requests by the Defendant.
- An ORDER PERMITTING FORECLOSURE was issued by the State Court despite this lack of evidence and despite MOTION TO COMPEL DISCOVERY submitted by the Plaintiff.
- The Order makes incorrect statements regarding the basis of foreclosure, namely; "the record, the evidence presented, and arguments of the parties", "Holder of the Debt. Bank of America, N.A. is the holder of the Note", and "Validity of Debt. The accelerated balance due on the Note constitutes a valid debt."
- The Defendant sought to be heard on a MOTION FOR RELIEF under NC Civil Court Procedure Rule 60 due to discuss correcting the error in the foreclosure order and the Plaintiff's right to Discover under Rule 37.
- The Defendant has not been allowed to be scheduled for a hearing for Stay of Proceedings until this Motion can be heard and was additionally advised that this Motion additionally will likely not be heard due to hearsay of a GATEKEEPER ORDER proposed by Carrington Mortgage Attorney Brett Lawrence which is not on record with the State Court has been served on the Plaintiff.
- LLG Trustee acted outside of their authority in a foreclosure action which caused injury to the Plaintiff.
- The actions of the Defendants Bank of America, N.A., Carrington Mortgage Attorney Brett Lawrence , and LLG Trustee have violated the Plaintiff's Civil Rights and real damages have been sustained.
- This Bill in Equity 'Complaint' is brought on the basis of 42 U.S. Code § 1983; a civil action for deprivation of rights from the Defendants from which the Plaintiff has suffered real harm.
- The Plaintiff maintains the assertion that Defendant Bank of America, N.A. does not have a legal or lawful standing to assert a financial claim or security interest in the real property.

V. **INJURIES**

5
Civil Rights Lawsuit (42 USC 1983)_ENJOLIQUE LEMAITRE vs BANK OF AMERICA – LLG TRUSTEE – CARRINGTON MORTGAGE

Case 3:24-cv-00757-MOC-DCK     Document 1     Filed 08/20/24     Page 5 of 8

The defendant's, acted with deliberate indifferent to the Constitution and or federal laws when they violated the plaintiff's right under 42 U.S. Code § 1983, and the plaintiff's right to "due process". As a result of the negligent actions of defendants, the plaintiffs have suffered mental anguish associated with living with the consequences of the defendant's negligence, loss of income, and damaged credit score, embarrassment from having plaintiff's house listed on Zillow and other Real estate foreclosure websites before while the case is in litigation.

### 1. Slander of Title
The defendants have caused to be recorded various documents including an unlawful foreclosure which constitutes slander of title.

### 2. Slander of Credit
The plaintiff asserts that the actions and inactions of the defendants have impaired their credit causing them to lose the ability to have good credit and loss of credit opportunities.

### 3. Infliction of Emotional Distress
The defendants have intentionally and negligently taken illegal actions which have caused the plaintiff's severe emotional distress with their attack on the plaintiff's personal abode. I have also suffered intense anxiety attacks with a loss of sleep. When I do not sleep and/or I am intensely fatigued, a brain injury I sustained during a sepsis episode a few years ago will create difficulties with aphasia and audio processing, making it difficult to both understand others and to be understood.

### 4. Loss of Income
I have my own business and am otherwise employed. I have lost hours and sometimes days of seeing clients and have needed to take time off from employers to take care of the filings, phone calls, and consultation with my legal team which has created expenses in addition to a loss of income.

### 5. Medical Costs
The resulting stress and loss of sleep also resulted in chronic pain and physical dysfunction. I sought out and attended a special treatment for chronic neck and shoulder pain and difficulty moving. The cost came out of my own pocket and, with all associated costs, totaling more than $5,500. I will never be able to give monetary value for the increased damage to my health from high blood pressure and associated health consequences from the stressors that I suffered from the threats to my personal security. No one can return to me the health I have lost in dealing with the dubious actions of the persons named in my lawsuit. I will never completely retrieve my peace of mind and calm the near-constant state of anxiety I find myself in now. These actions have forever altered my mental health and well-being.

*Equity will not suffer a wrong to be without a remedy. – Equity Maxim*

## VI. PRAYER FOR REMEDY
The plaintiff is seeking damages for wrongful foreclosure, and he has shown that
  (a.) there was an irregularity in the foreclosure sale and
  (b.) the irregularity caused the plaintiff damages. (University Sav. Ass'n v. Springwoods)

**Equitable Relief:**
- Equitable Relief #1 - Recission of any security interest in the real property '3511 Edgepine Drive'. (Pertaining to Count #3 'Bank of America's Breach of Contract')

- Equitable Relief #2 - Forfeiture to collect any of the outstanding disputed amount of current outstanding balance ($~$329,000). (Pertaining to Count #6 'Capital One's Non-Compliance with Regulation Z')

- Equitable Remedy #3 - Update to all reporting on related accounting as 'Zero balance', 'paid in full', or 'paid as agreed' with: 1) Bank of America, N.A., Carrington Mortgage Services, and 3) all Credit Agencies they report to. (Pertaining to Count #6 'Bank of America's Non-Compliance with Regulation Z')

**Monetary Damages:**
- Monetary Remedy #1 - Punitive Damages - Restitution for the Plaintiff of $1,000,000 (Pertaining to Count #1 'Bank of America and Carrington Mortgage Attorney Brett Lawrence's 'VIOLATION OF 42 U.S.C. § 1983')

- Monetary Remedy #2 - Punitive Damages - Restitution for the Plaintiff of $500,000 (Pertaining to Count #1 'Bank of America America's and Carrington Mortgage Attorney Brett Lawrence's 'VIOLATION OF DUE PROCESS')

- Monetary Remedy #3 - Punitive Damages - Restitution for the Plaintiff of $100,000 (Pertaining to Count #4 'Bank of America's Non-Disclosure')

- Monetary Remedy #4 - Punitive Damages - Restitution for the Plaintiff of $100,000 (Pertaining to Count #5 'Bank of America's Misrepresentation')

- Monetary Remedy #5 - Real Damages - Refund of the disputed amount previously paid (~$100,000). (Pertaining to Count #6 'Bank of America's Non-Compliance with Regulation Z')

- Monetary Remedy #6 - Punitive Damages - Restitution for the Plaintiff of $200,000 (Pertaining to Count #7 'Bank of America's Unfair and Deceptive Practices)

- Award the Complainant such other and further remedy as the Magistrate deems just and proper.

## VII. CERTIFICATION AND CLOSING

**WHEREFORE,** Plaintiff ENJOLIQUE CHERI LEMAITRE, requests the following
  a. That the court enter a judgment in favor of ENJOLIQUE CHERI LEMAITRE, and against the defendants on all counts of this Bill in Equity 'Complaint'.
  b. That the court award equitable remedy to the Plaintiff and against the Defendants jointly and severally.
  c. That the court award punitive damages to Plaintiff, and against the Defendants, jointly and severally.
  d. That the court grant Plaintiff such other equitable relief that the court deems appropriate.

Under Federal Civil Procedure Rule 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep the current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted, this 20 day of August, 2024.

By _____
Enjolique Cheri LeMaitre, Grantor, Settlor, Beneficiary, Private American, Attorney-In-Fact for
ENJOLIQUE CHERI LEMAITRE, ens legis
AKA ENJOLIQUE CHERI MORROW, ens legis
Without Recourse, All Rights Reserved, Nunc Pro Tunc

## CERTIFICATE OF SERVICE

A copy of this signed document will be delivered via certified mail to:
Attorney Jason Purser / LLG Trustee
LOGS Legal Group LLP
10130 Perimeter Parkway, Suite 400
Charlotte, North Carolina 28216

Bank of America, N.A.
Ross E. Jeffries, Jr., Deputy General Counsel
100 N. Tryon Street
Charlotte, NC 28255

Carrington Mortgage Attorney Brett Lawrence
Bradley Arant Boult Cummings LLP
Truist Center 214 N Tryon Street, Suite 3700
Charlotte, NC 28202

A copy of this signed document will be filed with this court electronically via:
E-Court Portal
File #22SP002027-590

By _____
Enjolique Cheri LeMaitre, Grantor, Settlor, Beneficiary, Private American, Attorney-In-Fact for
ENJOLIQUE CHERI LEMAITRE, legal entity
Without Recourse, All Rights Reserved, Nunc Pro Tunc