UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-757-MOC

| ENJOLIQUE CHERI LEMAITRE, | ) |  |
|---|---|---|
| Plaintiff, pro se, | ) |  |
| v. | ) | **ORDER** |
| BANK OF AMERICA, N.A., JASON PURSER, and BRETT LAWRENCE, | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Motions to Dismiss by Defendants Jason Purser, Brett Lawrence, and Bank of America, N.A. ("BANA") (collectively "Defendants"). (Doc. Nos. 14, 15, 19). Pro se Plaintiff Enjolique Cheri Lemaitre ("Plaintiff") filed a response on October 24, 2024. (Doc. No. 22). Also pending is Plaintiff's Pro Se Motion for Temporary Restraining Order. (Doc. No. 2). This matter is now ripe for disposition.

I.  **Background**

In this case, Plaintiff challenges the legitimacy of a state court foreclosure action involving real property in Mecklenburg County, North Carolina. In July 2011, Plaintiff financed the property located at 3511 Edgepine Drive in Charlotte, North Carolina (the "Property") and executed a deed of trust to secure the loan.[1] On March 9, 2023, on Plaintiff's appeal from a

---

[1] This Court may consider the recorded deed of trust and orders of the North Carolina courts at this stage because they are matters of public record. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record.") (citing Hall v. Virginia, 385 F.3d 421, 424 (4th Cir.

1

Clerk's order permitting foreclosure, the Superior Court of Mecklenburg County upheld the Clerk's order, finding that there was a default, Defendant was the party secured by the deed of trust, and Defendant was authorized to conduct a foreclosure sale (the "Judgment"). Plaintiff appealed the Judgment to the North Carolina Court of Appeals, but it was dismissed in March 2024 when Plaintiff failed to perfect her appeal.

Plaintiff then filed the Complaint in this action on August 20, 2024. (Doc. No. 1). Plaintiff alleges that the foreclosure was unlawful, the foreclosure sale should be vacated with title restored to Plaintiff, and additional equitable relief and money damages should be awarded. Each Defendant moved to dismiss because (1) Plaintiff's claims are barred by res judicata (2) Plaintiff's claims are barred by the Rooker-Feldman doctrine, and (3) Plaintiff failed to allege facts amounting to a claim upon which relief can be granted.[2] (Doc. Nos. 14, 15, 19).

## II. Legal Standard

Defendants have moved to dismiss under FED. R. CIV. P. 12(b)(6). Under FED. R. CIV. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A Rule 12(b)(6) motion tests the sufficiency of the complaint by asking whether the Plaintiff "has stated a cognizable claim." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). In reviewing a 12(b)(6) motion, the Court must accept as true all factual allegations in Plaintiff's complaint and draw all reasonable inferences therefrom in the light most favorable to Plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544,

---

2004)). In addition, "when entertaining a motion to dismiss on the grounds of res judicata a court may judicially notice facts from a prior judicial proceeding." See, e.g., Charlotte-Mecklenburg Bd. of Educ. v. Schenkel & Shultz, Inc., No. 3:05cv69, 2006 WL 1642140, at *2 (W.D.N.C. June 12, 2006) (citing Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992)).

[2] Because the Court finds that Plaintiff's claims are barred by res judicata and the Rooker-Feldman doctrine, it need not reach the question of whether Plaintiff properly stated a claim otherwise.

555–56 (2007). That said, to survive Defendants' 12(b)(6) motion, Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level," such that the complaint contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a 12(b)(6) motion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Instead, a complaint survives only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

Furthermore, while the Court may construe Plaintiff's complaint liberally because she is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [her] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### III. Discussion

#### A. Res Judicata

Under the doctrine of res judicata, a final judgment on the merits in an earlier decision precludes parties from relitigating issues that were raised or could have been raised during that action. See Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004). The full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to apply state res judicata in determining the preclusive effect of a state court judgment. In re Genesys Data Techs., Inc., 204 F.3d 124, 129 (4th Cir. 2000). In North Carolina, the essential elements of res judicata are: (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the

later suit, and (3) an identity of parties or their privies in the two suits. See Orlando Residence, Ltd. v. Alliance Hospitality Mgmt., LLC, 375 N.C. 140, 151 (2020).

Here, all three requirements are met. The state court judgment was a final judgment on the merits of the foreclosure case. The causes of action are the same—both deal with Defendants' entitlement to foreclosure. In fact, Plaintiff's complaint is, in effect, challenging the state court's rulings. Under res judicata principles, this Court may not relitigate issues decided by another court.

Finally, while Defendants were not specifically named in the foreclosure action, they were in privity with the parties to that action. In a claim preclusion context, privity generally involves a person so identified in interest with another that he represents the same legal right. See Jones v. HSBC Bank USA, N.A., 444 F. App'x 640, 644 (4th Cir. 2011) (finding that there was privity between the substitute trustees, who filed foreclosure action, and a loan servicer named in a separate lawsuit because both represented the same legal right – the right to foreclose). Here, too, the right to foreclose is at issue, and Defendants were in privity to the parties in the state court action.

The Court therefore finds that all three elements of res judicata are met and Plaintiff's claims are precluded by the prior judgment.

### B. Rooker-Feldman Doctrine

Even if res judicata did not apply, Plaintiffs claims are also barred by the Rooker-Feldman doctrine. Rooker-Feldman generally bars district courts from exercising jurisdiction over "cases brought by state court-losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280,

4

Case 3:24-cv-00757-MOC-DCK    Document 24    Filed 12/09/24    Page 4 of 5

284 (2005). The doctrine prohibits review of the adjudications of not only a state's highest court, but also the decisions of its lower courts. Moore v. Idealease of Wilmington, 465 F. Supp. 2d 484, 489 (E.D.N.C. 2006) (citing Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997)). Put simply, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

Plaintiff's Complaint challenges the foreclosure judgment, thereby asking this Court to review the state court's judgment. This Court does not have authority to do so under the Rooker-Feldman doctrine and Plaintiff's claims are therefore barred.

## IV. CONCLUSION

For the above reasons, the Court will grant Defendants' motions to dismiss as to all Plaintiff's claims.

**ORDER**

**IT IS, THEREFORE, ORDERED,** that Defendants' motions to dismiss, (Doc. Nos. 14, 15, 19), are **GRANTED**. Plaintiff's claims are **DISMISSED** with prejudice. Plaintiff's Pro Se Motion for Temporary Restraining Order, (Doc. No. 2), is **TERMINATED** as **MOOT**.

Signed: December 9, 2024



Max O. Cogburn Jr.
United States District Judge